T. Jason Wood, Esq., ISB No. 5016
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID 83404
Idaho State Bar No. 5016
Telephone: (208) 522-1230
Facsimile: (208) 522-1277

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN LAKE, ) | Case No.:_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT AND |
| ) | DEMAND FOR JURY TRIAL |
| Andersen MANUFACTURING, INC., ) | |
| an Idaho Corporation ) | |
| ) | |
| Defendant. ) | |
| _____) | |

COME NOW the above-named plaintiffs, by an through their attorneys of record, and for cause of action against the Andersen Mfg. Manufacturing, Inc. (hereinafter "Andersen Mfg."), state and allege as follows:

1. Plaintiff John Lake (hereinafter "Lake") is a resident and citizen of the State of Idaho, County of Bonneville.

2. Andersen Manufacturing, Inc. (hereinafter "Andersen Mfg.") is a corporation doing business in the State of Idaho, County of Bonneville.

1-   COMPLAINT AND DEMAND FOR JURY TRIAL

3. The defendant employs and did employ during all relevant time periods more than 15 employees, was engaged in an industry affecting commerce, and was an employer within the meaning of 42 U.S.C. § 12111(5)(A), and Idaho Code § 67-5902(6).

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This action is authorized and instituted pursuant to Sections 107(a) and 503(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and pursuant to the Idaho Human Rights Act ("IHRA"), Idaho Code § 67-5909.

6. The employment practices alleged herein were committed in the District of Idaho, County of Bonneville.

## PLAINTIFF JOHN LAKE

7. Plaintiff incorporates by reference the allegations of paragraphs 1 through 6 as if fully set forth herein.

8. Lake is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8) and 42 U.S.C. § 12112(a). Lake is and at all material times was a disabled person in that he suffers from diabetes which affects major life activities, including but not limited to eating, walking, seeing, breathing, thinking and communicating, eliminating waste, and working.

9. In March 2011 Lake began employment with Andersen Mfg. His primary job duty was welding.

10. At all relevant times Lake was able to perform the essential functions and requirements of his employment and indeed was one of Andersen Mfg.'s best welders.

11.     On or about July 20, 2011, Lake was diagnosed with diabetes.

12.     The following day Lake notified management of his diagnosis and that he would need to use the restroom several times a day until after his appointment with a specialist in August, when his blood-sugar levels could be stabilized.  The defendant assured Lake that was all right, one manager stating that he understood because he too was diabetic.

13.     After notifying management of his disability and need for accommodation, Lake continued to preform his duties as a welder.  He had to use the restroom as much as three times per hour.  However, this did not interfere with his ability to perform well the essential functions of such employment.

14.     On or about August 10, 2011, Andersen Mfg. terminated Lake's employment because of his disability which, among other things, required frequent use of the restroom.

15.     Andersen Mfg.'s termination of Lake was not based on any medical justification and was discriminatory.  Andersen Mfg. also failed to engage in good faith in an interactive process with Lake regarding his disability, and failed to provide Lake with the immanently reasonable accommodation of allowing him to take more frequent restroom breaks, all in violation of the ADA, ADAAA, and IHRA.

16.     As a result of Andersen Mfg.'s unlawful actions, Lake has suffered irreparable injuries, including but not limited to lost wages and benefits and other economic losses, emotional stress and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries.

17.     Lake timely filed a charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and Equal Employment Opportunity Commission ("EEOC").

18.     On July 12, 2012, the IHRC issued its Report and Commission Determination, in which it concluded that Andersen Mfg.'s termination of Lake's employment constituted illegal disability discrimination.  A true and correct copy is attached hereto as  Exhibit 1.

19.     On September 4, 2012, the IHRC issued its Notice of Administrative Dismissal and Right to Sue, a true and correct copy of which is attached hereto as Exhibit 2.

20.     On October 3, 2012, the EEOC issued its Notice of Right to sue, a true and correct copy of which is attached hereto as Exhibit 3.

21.     Lake has exhausted all available administrative remedies.

22.     Andersen Mfg.'s unlawful acts were done intentionally with an improper discriminatory motive and with reckless disregard of Plaintiff's federally protected rights.  Lake entitled to an award of punitive damages in an amount to be proven at trial.

23.     Lake is entitled to an award of pre-judgment interest on all amounts awarded to him on account of Andersen Mfg.'s discrimination.

24.     Lake is entitled to an award of attorney fees and costs incurred herein pursuant to 42 U.S.C. §§ 12117(a) and 12205, and/or other applicable statute or court rule.

WHEREFORE, Plaintiff request the Court to:

1.      Assume jurisdiction over Plaintiff's causes of action set forth herein.

2.      Award to Plaintiff damages in the form of lost pay and benefits, both past and future, in an amount to be proven at trial.

3.      Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses as alleged above, in an amount to be proven at trial.

4. Order Defendant to pay Plaintiff punitive damages in an amount to be determined at trial.

5. Award Plaintiff's costs of suit and reasonable attorney fees.

6. Order Defendant to pay prejudgment and post judgment interest on all amounts due to Plaintiff as a result of this action.

7. Order such further or alternative relief in favor of Plaintiff as the court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury as to all issues triable to a jury in this matter.

DATED this 3rd day of December, 2012.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: /s/
T. Jason Wood, Esq.

J:\data\TJW\7976\PLEADINGS\001 Complaint(Lake).wpd